IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: BLACK ANGUS HOLDINGS, LLC, )
) Bankr. Case No. 09-21349-11
Debtor. ) Chapter 11
_____)
)
BLACK ANGUS HOLDINGS, LLC, )
)
Plaintiff, ) Bankr. Adv. No. 09-6122
)
v. ) Dist. Case No. 10-2180-JWL
)
BACK YARD BURGERS, INC., )
)
Defendant. )
)
_____)

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's motion for leave to appeal immediately an interlocutory order, issued March 24, 2010, by which the bankruptcy court denied defendant's motion to dismiss plaintiff's complaint (Doc. # 7). For the reasons set forth below, the Court **grants** the motion.

1. In this adversary bankruptcy proceeding, plaintiff debtor, who owned a restaurant as a franchisee of defendant (who is a creditor of the estate), alleges that defendant breached a territorial provision of the parties' franchise agreement. By that provision, defendant agreed that it would not franchise another restaurant "in the following territory: A site located at [the address of plaintiff's restaurant in Olathe,

Kansas] with a one (1) mile exclusive radius (the 'Territory')." Plaintiff alleges that the one-mile radius was later extended to two miles; that defendant granted a franchise for a restaurant 2.17 miles from plaintiff's restaurant, with its own one-mile exclusive territory; that plaintiff lost sales as a result of the opening of the new restaurant; and the defendant breached the territorial provision of the franchise agreement by granting the new franchise in a site that created an overlap between the two franchisees' exclusive territories.

Defendant moved to dismiss, arguing that because the new restaurant was alleged to be 2.17 miles from plaintiff's restaurant, it did not breach the plain and unambiguous language of the territorial provision. The bankruptcy court denied the motion, ruling that the inclusion of the word "exclusive" before "radius" made the provision sufficiently ambiguous to allow for an interpretation that would prohibit overlapping exclusive territories. Defendant now seeks leave to pursue an interlocutory appeal of that order to this Court.

2. 28 U.S.C. § 158(a)(3) provides for immediate appeal to the district court, with leave of that court, from an interlocutory order. *Id.* The Court applies the following standard:

> Leave to hear appeals from interlocutory orders should be granted with discrimination and reserved for cases of exceptional circumstances. Appealable interlocutory orders must involve a controlling question of law as to which there is substantial ground for difference of opinion, and immediate resolution of the order may materially advance the ultimate termination of the litigation.

*Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 769 (B.A.P. 10th Cir. 1997) (citing *inter alia* 28 U.S.C. § 1292(b)); *see also Murphy v. Redmond*, 2008 WL 294538, at *3 n.1 (D. Kan. Feb. 1, 2008) (Lungstrum, J.) (citing *Personette* for standard for interlocutory appeals under 28 U.S.C. § 158(a)). Defendant bears the burden of establishing that this standard is met. *See United Phosphorus Ltd. v. Fox (In re Fox)*, 241 B.R. 224, 232 (B.A.P. 10th Cir. 1999).

3. The Court concludes that defendant's appeal satisfies the applicable test here, and, indeed, the Court can hardly imagine a more suitable candidate for interlocutory appeal. First, the appeal involves a controlling question of law, as defendant asserts that the new restaurant did not breach the plain and unambiguous terms of the subject contractual provision. Plaintiff suggests that the issue on appeal involves factual matters. Under Tennessee law, however, which applies pursuant to the franchise agreement's choice-of-law provision (as alleged by plaintiff in its complaint), the interpretation of a contract, including the determination of the parties' intent, is a question of law, *see BVT Lebanon Shopping Center, Ltd. v. Wal-Mart Stores, Inc.*, 48 S.W.3d 132, 135 (Tenn. 2001), as is the question of the existence of an ambiguity, *see NSA DBA Benefit Plan, Inc. v. Connecticut General Life Ins. Co.*, 968 S.W.2d 791, 795 (Tenn. Ct. App. 1997). Moreover, the issue whether plaintiff's complaint stated a cognizable claim against defendant clearly presents a question of law, as the factual allegations of the complaint must be taken as true.

Second, the Court concludes that there is substantial ground for difference of

opinion with respect to the issue presented by defendant in its motion to dismiss. Under plaintiff's theory of liability, the franchise agreement's territorial provision prohibits defendant from granting another franchise with an exclusive territory that extends into and overlaps with plaintiff's exclusive two-mile radius. The actual contract provision, however, makes no reference to overlap or to the new restaurant's exclusive territory; rather, the provision prohibits defendant from establishing another franchise "in" the territory that is defined as a two-mile radius from plaintiff's restaurant. Although the bankruptcy court concluded that the inclusion of the word "exclusive" to modify plaintiff's "radius" creates an ambiguity, that word could simply refer to the intended result that only plaintiff may have a restaurant in that two-mile-radius area. Thus, without deciding the issue one way or the other, the Court concludes that there is at least substantial ground for a difference of opinion concerning whether the ambiguity asserted by plaintiff is present in the contractual provision.

Third, resolution of the appeal in defendant's favor would result in the dismissal of plaintiff's complaint. Thus, as plaintiff concedes, immediate resolution of the issue addressed in the bankruptcy court's order would materially advance—and, in fact, result in—the ultimate termination of the adversary proceeding.

4. Thus, all three necessary factors are present here. Moreover, because the appeal involves a single, discrete legal issue that does not appear to involve any particular complexity, and because the appeal could terminate the adversary proceeding entirely, this order is especially appropriate for interlocutory appeal. Accordingly, the

4

Court, in its discretion, grants defendant leave to appeal immediately the bankruptcy court's interlocutory order, by which it denied defendant's motion to dismiss, to this Court.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for leave to appeal immediately the bankruptcy court's interlocutory order of March 24, 2010 (Doc # 7) is **granted**.

IT IS SO ORDERED.

Dated this 11th day of June, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge